UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOAN RIZZUTO                                CIVIL ACTION

VERSUS                                      NO: 07-4426

ALLSTATE INSURANCE COMPANY                  SECTION: R(4)


**ORDER**

Before the Court is Joan Rizzuto's Motion for Reconsideration. Rizzuto's Motion is DENIED for the following reasons.

**I.  Background**

Joan Rizzuto insured her Mandeville, Louisiana home with a homeowner's policy issued by defendant, Allstate Insurance Company. Rizzuto's home was damaged by Hurricane Katrina and she sued Allstate for breach of contract, bad faith claims adjustment in violation of La. Rev. Stat. §§ 22:1892 and 22:1973,[1] and violation of the Louisiana Valued Policy Law. The Court granted

---

[1] Formerly La. Rev. Stat. §§ 22:658 and 22:1220.

summary judgment on Rizzuto's bad-faith and VPL claims, and continued the trial on her remaining claims.[2] Rizzuto now moves the Court to reconsider its Order dismissing her claim for bad-faith penalties.

**II. Legal Standard**

A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly

---

[2] The Court recently dismissed Rizzuto's remaining claims because she failed to show any issue of fact concerning Allstate's continued liability under her policy. (*See* R. Doc. 105).

2

discovered evidence." *Id.* at 479 (quotation omitted). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

**III. Analysis**

Rizzuto argues that the "Court committed clear error by not considering the documents attached to Rizzuto's Memorandum in Opposition to Motion for Summary Judgment which support Rizzuto's claim." Rizzuto cites two documents that it states the Court failed to consider: a claims file (R. Doc. 102-3) and a project bid by Betbeze Builders (R. Doc. 102-4). Rizzuto is correct that "a response to a motion for summary judgment can be supported by the pleadings, depositions, answers to interrogatories, admissions, and affidavits." But the documents Rizzuto cites are none of these. As such, Rizzuto could not rely on the cited exhibits without "establishing a proper foundation...to authenticate them." *Hamilton v. Keystone Tankship Corp.*, 539

3

F.2d 684, 686 (9th Cir. 1976). "To be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.' A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment.'" *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir. 1989)(citing Rule 56(e); other citations omitted). *See also, e.g., Cummings v. Roberts*, 628 F.2d 1065, 1068 (8th Cir. 1980)("It is true that seventeen pages of medical records were attached to Roberts' affidavit, but those records were not certified as required by Fed. R. Civ. P. 56(e) and thus were not properly considered by the district court."); *Hamilton,* 539 F.2d at 686 (9th Cir. 1976)("Exhibits which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); 10A Charles Alan Wright, *et al*, Federal Practice & Procedure § 2722 (3d. ed. 1998). Neither document cited by Rizzuto was authenticated by an affidavit, either in Rizzuto's Opposition to Summary Judgment or in its current Motion for Reconsideration. The documents were not admissible on summary judgment, and the Court did not commit "manifest error of law" by disregarding them. *Ross*, 426 F.3d at 763.

Rizzuto was specifically warned that the documents attached to its Opposition were not competent summary judgment evidence. After Rizzuto submitted her Opposition, the Court informed Rizzuto that her Opposition did not contain competent evidence, and ordered her to supplement the record with evidence admissible on summary judgment. (*See* R. Doc. 69). Rizzuto provided the Court with an affidavit that authenticated many of the submitted documents, (*See* R. Doc. 79), but Rizzuto did not authenticate the two documents she relies on now. Having disregarded the Court's instructions, Rizzuto cannot obtain relief from the Court's judgment against her.

**III. Conclusion**

For the reasons stated above, Rizzuto's Motion for Reconsideration is DENIED.

New Orleans, Louisiana, this <u>27th</u> day of April 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE